UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| JEREMIE WATSON | * | CIVIL ACTION NO. 18-CV-00390 |
| | * | |
| VERSUS | * | JUDGE SUMMERHAYS |
| | * | |
| RODI MARINE MANAGEMENT, LLC, ET AL | * | MAGISTRATE HANNA |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

## ANSWER TO AMENDED COMPLAINT FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Wadleigh Industries, Inc. d/b/a Offshore Equipment Solutions, sought to be made defendant in the above entitled and numbered cause, who, for answer to the Amended Complaint for Damages filed on behalf of Jeremie Watson, avers as follows:

### FIRST DEFENSE

The Complaint filed herein fails to state a claim upon which relief can be granted as to Wadleigh Industries, Inc. d/b/a Offshore Equipment Solutions.

### SECOND DEFENSE

In the alternative, and subject to the exceptive allegations hereinabove set forth, Wadleigh Industries, Inc. d/b/a Offshore Equipment Solutions denies each and every allegation of the plaintiff's Complaint, except as the same may be admitted or modified.  Further responding to the said allegations, defendant avers as follows:

I.

Paragraph I of the plaintiff's Amended Complaint for Damages contains no factual allegations against Wadleigh Industries, Inc. d/b/a Offshore Equipment Solutions; thus, no response is required.  Should the Court determine, however, that this defendant is required to the allegations of Paragraph I of the Amended Complaint for Damages, all allegations are hereby denied.

II.

The allegations of Paragraph II of plaintiff's Amended Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

III.

The allegations of Paragraph III of plaintiff's Amended Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

IV.

In response to the allegations of Paragraph IV, Wadleigh Industries, Inc. d/b/a Offshore Equipment Solutions admits that it is a Louisiana corporation with an office in St. Tammany Parish.  The remaining allegations of Paragraph IV of the Amended Complaint for Damages are denied.

V.

The allegations of Paragraph V are denied for lack of sufficient information to justify a belief therein.

VI.

The allegations of Paragraph VI constitute conclusions of law, and, as such, require neither an affirmative nor negative response on behalf of defendant, but insofar as it may be deemed necessary, the allegations are denied.

VII.

The allegations of Paragraph VII constitute conclusions of law, and, as such, require neither an affirmative nor negative response on behalf of defendant, but insofar as it may be deemed necessary, the allegations are denied.

VIII.

The allegations of Paragraph VIII constitute conclusions of law, and, as such, require neither an affirmative nor negative response on behalf of defendant, but insofar as it may be deemed necessary, the allegations are denied.

IX.

The allegations of Paragraph IX are denied for lack of sufficient information to justify a belief therein.

X.

The allegations of Paragraph X are denied for lack of sufficient information to justify a belief therein.

XI.

The allegations of Paragraph XI are denied as respects the defendant, Wadleigh Industries, Inc. d/b/a Offshore Equipment Solutions.

XII.

The allegations of Paragraph XII are denied for lack of sufficient information to justify a belief therein.

XIII.

The allegations of Paragraph XIII are denied.

XIV.

The allegations of Paragraph XIV are denied.

XV.

The allegations of Paragraph XIV are denied.

XVI.

The allegations of Paragraph XVI require neither an affirmative nor negative response on behalf of this defendant, but insofar as it may be deemed necessary, the allegations are denied.

XVII.

Paragraph XVII of the plaintiff's Amended Complaint for Damages contains no factual allegations against Wadleigh Industries, Inc. d/b/a Offshore Equipment Solutions; thus, no response is required.  Should the Court determine, however, that this defendant is required to the allegations of Paragraph XVII of the Amended Complaint for Damages, all allegations are hereby denied.

XVIII.

The allegations of Paragraph XVIII are denied insofar as they pertain to defendant, Wadleigh Industries, Inc. d/b/a Offshore Equipment Solutions.

XIX.

The allegations of Paragraph XIX require neither an affirmative nor negative response on behalf of this defendant, but insofar as it may be deemed necessary, the allegations are denied.

XX.

The allegations of Paragraph XX are denied insofar as they pertain to defendant, Wadleigh Industries, Inc. d/b/a Offshore Equipment Solutions.

XXI.

Paragraph XXI of the plaintiff's Amended Complaint for Damages contains no factual allegations against Wadleigh Industries, Inc. d/b/a Offshore Equipment Solutions; thus, no response is required.  Should the Court determine, however, that this defendant is required to the allegations of Paragraph XXI of the Amended Complaint for Damages, all allegations are hereby denied.

XXII.

The allegations of Paragraph XXII require neither an affirmative nor negative response on behalf of this defendant,

but insofar as it may be deemed necessary, the allegations are denied.

### XXIII.

The allegations of Paragraph XXIII are denied insofar as they pertain to defendant, Wadleigh Industries, Inc. d/b/a Offshore Equipment Solutions.

### XXIV.

The allegations of Paragraph XXIV require neither an affirmative nor negative response on behalf of this defendant, but insofar as it may be deemed necessary, Wadleigh Industries, Inc. d/b/a Offshore Equipment Solutions also requested a trial by jury.

### THIRD DEFENSE

Defendant denies that it or anyone for whom it may be responsible was guilty of any negligence, strict liability, want of due care, or other legal fault constituting a proximate cause of the alleged accident in question.

### FOURTH DEFENSE

Wadleigh Industries, Inc. d/b/a Offshore Equipment Solutions avers and represents that at all pertinent times it conducted operations in a safe and lawful manner adhering to federal guidelines, laws and regulations, industry standards, rules and accepted practices of the industry, both locally and nationally, in connection with the operation of the crane on the Fieldwood Energy platform, and that by maintaining and operating the crane

in accordance with such standards, its conduct was reasonable and without fault, negligence, strict liability or other culpable conduct.

## FIFTH DEFENSE

Plaintiff's alleged damages, which are denied, resulted from a condition that was open and obvious to plaintiff.

## SIXTH DEFENSE

At the time and on the occasion in question, there was a failure on the part of plaintiff to exercise that degree of care of an ordinary prudent person under the same or similar circumstances constituting contributory negligence, which failure proximately caused or contributed to cause any injuries or damages sustained.

## SEVENTH DEFENSE

If plaintiff suffered damages as alleged, which is denied, Wadleigh Industries, Inc. d/b/a Offshore Equipment Solutions affirmatively avers that plaintiff's damages were caused solely by the fault of third persons, parties, contractors, or entities, for whose actions Wadleigh Industries, Inc. d/b/a Offshore Equipment Solutions is not legally responsible.

## EIGHTH DEFENSE

Alternatively, Wadleigh Industries, Inc. d/b/a Offshore Equipment Solutions affirmatively avers that in the event that it is found negligent or otherwise at fault in any way to plaintiff, which is denied, then the other acts or omissions of plaintiff or

third persons, parties, contractors, or entities for whose actions Wadleigh Industries, Inc. d/b/a Offshore Equipment Solutions is not legally responsible were the sole intervening or superseding causes of the incident on the M/V MR. LLOYD and plaintiff's alleged damages.

### NINTH DEFENSE

Further, defendant contends that if plaintiff sustained injuries or disabilities, such were, in whole or in part, the result of a physical condition which pre-existed the occurrence made the basis of this lawsuit, or occurred subsequent to the incident described in plaintiff's Complaint, for which this defendant is not responsible.

### TENTH DEFENSE

Wadleigh Industries, Inc. d/b/a Offshore Equipment Solutions affirmatively avers that plaintiff has sustained no damages or injuries as a result of any breach of any contractual or legal duties owed to him by Wadleigh Industries, Inc. d/b/a Offshore Equipment Solutions for which he may recover any amount, and further, that plaintiff has failed to mitigate any alleged damages he now claims.

### ELEVENTH DEFENSE

Defendant requests that to the extent plaintiff seeks recovery of medical or healthcare expenses, the evidence to prove such loss be limited to the amount actually paid by or on behalf of the plaintiff, as opposed to the amount charged.

### TWELFTH DEFENSE

In the event liability is found on the part of Wadleigh Industries, Inc. d/b/a Offshore Equipment Solutions, which is at all times denied, Wadleigh Industries, Inc. d/b/a Offshore Equipment Solutions avers that it would be entitled to a credit for the amount of all compensation, maintenance, advances on lost wages, medical expenses, disability benefits or other benefits paid to the plaintiff.

### THIRTEENTH DEFENSE

Wadleigh Industries, Inc. d/b/a Offshore Equipment Solutions specifically reserves the right to amend this pleading once discovery is complete and additional facts are known.

### FOURTEENTH DEFENSE

Defendant, Wadleigh Industries, Inc. d/b/a Offshore Equipment Solutions, prays for a trial by jury on all issues herein.

WHEREFORE, all premises considered, defendant, Wadleigh Industries, Inc. d/b/a Offshore Equipment Solutions, prays that the demands of the plaintiff herein be rejected, and that plaintiff's suit be dismissed with full prejudice and at plaintiff's cost. Defendant further prays for trial by jury on all issues.

Respectfully Submitted,

MAHTOOK & LAFLEUR, L.L.C.

BY: _____
CHARLES A. MOUTON (17721)
P. O. Box 3089
Lafayette, LA 70502
600 Jefferson Street
Suite 1000 (70501)
Phone: (337)266-2189

Counsel for Wadleigh Industries, Inc. d/b/a Offshore Equipment Solutions

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has this date been served on all counsel of record in this proceeding by:

( ) Hand Delivery ( X ) Prepaid U. S. Mail

( ) Facsimile ( ) Federal Express

Lafayette, Louisiana this 18th day of January, 2018.

_____
CHARLES A. MOUTON